Date signed September 23, 2013



JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| PANACHE CUISINE, LLC, | * | Case No. 13-17027-JS |
| Debtor | * | (Chapter 7) |

\* \* \* \* \* \* \* \* \* \* \* \*

***MEMORANDUM OPINION SUSTAINING OBJECTION OF SOVEREIGN
BANK TO THE MOTION OF THE CHAPTER 7 TRUSTEE, BELAIR
PRODUCE, INC., AND DEL MONTE FOODS, INC.,
TO PAY THE PACA CLAIM OF BELAIR PRODUCE, INC.***

This matter came on for hearing before the Court on August 21, 2013, upon the objection by Sovereign Bank ("Sovereign"), to the motion of Belair Produce, Inc. ("Belair"), Del Monte Foods, Inc. ("Del Monte"), and Charles Goldstein, Chapter 7 Trustee ("the Trustee"), to pay the claims of Belair and Del Monte.  For the reasons stated in this opinion, the objection will be sustained and the motion will be denied, as to Belair.

*FINDINGS OF FACT*

**THE PARTIES**

1.  On April 23, 2013, Panache Cuisine LLC ("Panache," or "the debtor") filed the instant voluntary bankruptcy petition in this Court. The debtor was "a Baltimore, MD based, 100% woman-owned, USDA/FDA, and U.S. Military approved fresh foods manufacturing company specializing in chef prepared 'Gourmet to Go' cuisine such as Artisan Sandwiches, Entrée Salads, Exquisite Entrées, Snacks & Sides, Breakfast and Desserts. It sold both label/retail packaged and bulk-packed products for 'drop off catering'/event fulfillment, and customized boxed lunches/meals. The Debtor's product line featured close to 200 fresh items serving a broad range of tastes and price points including certain certified kosher products. Its products were featured in many retail venues, ranging from four star resorts and hotels, coffee retailers, collegiate retail dining, corporate dining, airline, and national railway segments throughout the East Coast." Trustee's Motion to Sell Property Free and Clear of Liens, ¶¶ 5 and 6 [P. 88]. Panache operated out of a plant and warehouse located at 1215 East Fort Avenue, Baltimore, Maryland 21230, pursuant to a sublease from Phillips Foods, Inc. ("Phillips Foods"). Jennifer E. Stack signed the petition as Chief Operating Officer on behalf of the debtor.

2. On the petition date, Charles R. Goldstein was appointed interim Chapter 7 Trustee, and later accepted the appointment as permanent Trustee. "Since the Petition Date, the Trustee, with the assistance of his professionals, has considered various scenarios to liquidate the Debtor's assets to obtain the highest and best value for the Estate assets for the benefit of creditors." Motion For Sale Free and Clear of Liens [P. 88], ¶ 7.

3. Belair and Del Monte are suppliers of wholesale quantities of perishable agricultural commodities and are licensed as dealers under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et seq*. Belair claimed to have supplied Panache with produce impressed by a floating trust pursuant to the PACA trust provisions of 7 U.S.C. § 499e(c)(2), in the unpaid amount of $461,214.23. The amount claimed by Del Monte totaled $13,755.33. Motion [P. 48], ¶¶ 2 and 3.[1]

4. Sovereign is the holder of a secured claim against the debtor based upon a prepetition loan in the principal amount of $500,000, evidenced by a note dated June 29, 2011, business loan and security agreements dated June 29, 2011, and a duly filed financing statement. Motion For Relief From Stay [P. 68], ¶¶ 7 and 8.

---

[1]Belair later reduced the amount of its PACA claim to $397,094.12. Trustee's Limited Objection to Motion for Relief from the Automatic Stay [P. 84], n. 2.

## PROCEEDINGS IN THE CASE

5. On May 3, 2013, the Trustee filed Trustee's Notice of Assets & Request for Notice to Creditors [P. 10].

6. On May 10, 2013, the Trustee filed a motion for authority to sell the debtor's vehicles [P. 19]. The motion was unopposed and was granted by order [P. 40] dated June 5, 2013.

## THE PRESENT CONTROVERSY

7. On June 21, 2013, Belair, Del Monte and the Trustee filed the instant motion for authority to make payment of PACA trust assets not part of debtor's estate to Belair and Del Monte [P. 48].[2] The motion was filed without a separate notice.

8. The motion set forth the following terms of the agreements between the Trustee and Belair and Del Monte:

> [16.] The Trustee has negotiated the following resolution with Belair regarding the payment of the Belair Trust Claim:
>
> a. The Trustee will pay Belair $225,000 within seven (7) days from the date of entry of the Order granting this Motion;
>
> b. On the fifteenth (15th) day of each subsequent month,

---

[2] "[I]n the event of the Produce Debtor's bankruptcy, the Bankruptcy Code excludes PACA trust assets from the bankruptcy estate." *Tom Lange Co. v. Kornblum & Co. (In re Kornblum & Co.)*, 81 F.3d 280, 284 (2d Cir. 1996) ("A single PACA trust exists for the benefit of all of the sellers to a Produce Debtor, and continues in existence until all of the outstanding beneficiaries have been paid in full."). *Id.* at 286.

4

the Trustee will provide Belair with an accounting of accounts receivable collected by the Trustee during the previous month and accounts receivable outstanding as of the end of said month;

      c. The Trustee will pay Belair seventy-five percent (75%) of collected accounts receivable on the twentieth (20th) day of the subsequent month of accounts receivable collected the previous month;

      d. The Trustee will continue to provide Belair with monthly accountings of collected and outstanding accounts receivable and will continue to pay Belair 75% of the monthly collected accounts receivable until the Belair Trust Claim is paid in full.

[17.] The Trustee has negotiated the following resolution with Del Monte regarding the payment of the Del Monte Trust Claim:

      a. The Trustee will pay Del Monte $7,000 within seven (7) days from the date of entry of the Order granting this Motion;

      b. On the fifteenth (15th) day of each subsequent month, the Trustee will provide Del Monte with an accounting of accounts receivable collected by the Trustee during the previous month and accounts receivable outstanding as of the end of said month;

      c. The Trustee will pay Del Monte three (3%) of collected accounts receivable on the twentieth (20th) day of the subsequent month of accounts receivable collected the previous month;

      d. The Trustee will continue to provide Del Monte with monthly accountings of collected and outstanding accounts receivable and will continue to pay Del Monte 3% of the monthly collected accounts receivable until the Del Monte Trust Claim is paid in full.

Motion, ¶¶ 16 and 17.

9. On July 5, 2013, Sovereign filed an objection [P. 54] to the motion.[3]

10. The motion set forth the basis of the claims of Belair and Del Monte pursuant to the provisions of the Perishable Agricultural Commodities Act of 1930, as amended. 7 U.S.C. § 499a, *et seq.*

11. On August 6, 2013, the Trustee filed a motion to sell property of the debtor free and clear of liens [P. 88] to Phillips Foods, the debtor's landlord, to which Belair filed a limited objection that any order approving sale contain a provision that preserved its right to assert its PACA claim to the proceeds. On August 13, 2013, this Court entered an order [P. 97] containing such a provision[4] by consent of all parties, which approved the sale to Phillips Food in the amount of $84,000, and capped the

---

[3]Sovereign withdrew its objection to the motion as it related to the payment to Del Monte and the agreement was memorialized in a consent order [P. 64] dated July 19, 2013.

[4]Paragraph 12 of the consent order provided, as follows:

> Pursuant to Section 363(f) of the Bankruptcy Code, the sale of the Panache Assets to Phillips shall be free and clear of all Liens, Claims, Encumbrances and Interests of whatsoever nature, character or kind, and any Liens, Claims, Encumbrances and Interests shall attach to the proceeds of the sale in the order of their priorities, subject to the rights and defenses, if any, of the Debtor, the Debtor's Estate and other parties in interest with respect thereto.

Order Granting Chapter 7 Trustee's Motion for Entry of Order Authorizing Sale of Property Free and Clear of Liens, Claims, Encumbrances and other Interests [P. 97].

landlord's administrative rent claim in the amount of $ 166,789.75.

12.  The Trustee is presently holding proceeds from the court-approved sales and other funds in the approximate amount of $90,000.

## ISSUES FRAMED BY THE PARTIES

According to Belair, the issue to be determined is whether Belair properly preserved its trust rights against Panache by having the requisite statutory notice of intent to preserve trust language on its invoices to Panache along with payment terms of 30 days, and what effect, if any, the absence of a pre-transaction written agreement signed by both parties in which 30-day payment terms are agreed to has on Belair's attempt to preserve its trust rights.  Sovereign says that the issue is whether a PACA trust has been preserved where invoices contain a payment term that differs from the default 10-day term pursuant to a written agreement, but where a written agreement was not in existence before the parties entered into the transaction. Sovereign and Belair agreed at oral argument on one thing at least, that no written agreement satisfying the Statute of Frauds or 7 C.F.R. 46.2(aa)(11), existed between Belair and Panache.  The parties disagree on what effect this absence of a written agreement has on Belair's PACA trust rights.

*CONCLUSIONS OF LAW*

### NATURE OF THIS PROCEEDING

1. The instant motion is not a motion to approve claims, although practically the entire document reads like a brief in support of a PACA claim. The minor portion of the motion that presents the terms of the settlement is a laundry list of the Trustee's obligations to the claimants, including the payment to them of funds in his possession. Likewise, the objection to the settlement reads like an objection to the claims themselves because the objector has asserted that the claimants are not entitled to be treated as PACA claimants, either because of their noncompliance with the terms of the statute or because not all of the goods delivered were statutorily protected produce.

2. In essence, although not expressly stated in the motion, the matter before the Court is a motion to approve a settlement. The Court deems this matter to be such because it was filed jointly by the claimants and the Trustee and because it seeks court approval of the payment of claims by the Trustee.

### BANKRUPTCY JURISDICTION AND STANDING

3. The bankruptcy court has subject matter jurisdiction to consider the approval of settlements of controversies regarding claims against the bankruptcy estate, which are core proceedings. 28 U.S.C. § 157(b)(2)(A), (B), (C), (E), (K) and

(O).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  As a creditor of the bankruptcy estate holding a pecuniary interest that will be diminished if the Trustee obtains authorization to pay the PACA claim of Belair, Sovereign is an interested party and has standing to object to the settlement.[5]

## LAW APPLICABLE TO SETTLEMENTS IN BANKRUPTCY

5.  Motions to approve settlements are governed by Bankruptcy Rule 9019(a).[6]

---

[5]"Chapter 11 defines a party in interest as 'the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee.'  11 U.S.C. § 1109(b) (1978).  Despite the fact that Chapter 7 does not define party in interest, the First Circuit recognized that the right for a party in interest to be heard in a bankruptcy proceeding, as set out in Chapter 11, also applies in a Chapter 7 case. *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 5 (1st Cir. 1999) (noting that "Chapter 7 includes no comparable provision, but in practice bankruptcy courts routinely entertain adversary proceedings against the Chapter 7 trustees. [citations omitted]. In light of the structure and purposes of the Bankruptcy Code, we agree with these courts that the right to be heard applies in the liquidation context.").  We agree with the First Circuit that a party in interest has a right to be heard in a Chapter 7 bankruptcy proceeding." *Westwood Comm. Two Ass'n v. Barbee (In re Westwood Cmty. Two Ass'n)*, 293 F.3d 1332, 1337 (11th Cir. 2002).

[6]Federal Rule of Bankruptcy Procedure 9019(a) provides, as follows:

**Rule 9019. Compromise and Arbitration.**

(a) Compromise

On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

9

6. In order to have the bankruptcy court approve the settlement of a controversy, Rule 9019(a) requires the filing of a motion, the giving of proper notice of the settlement to interested parties, the disclosure of the settlement terms,[7] and the opportunity for a hearing.

7. The ultimate inquiry that is prerequisite to the granting of approval to a settlement is the determination that the settlement is in the best interests of the estate. *LaSalle Nat. Bank v. Holland (In re American Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987),[8] *citing Martin v. Robinson (In re A & C Properties)*, 784 F.2d 1377, 1380, 1382 (9th Cir. 1986), *cert. denied*, 479 U.S. 854, 107 S.Ct. 189, 93 L. Ed.2d 122 (1986); *Port O'Call Investment Co. v. Blair (In re Blair)*, 538 F.2d 849, 852 (9th Cir.1976); *Estate of Patel*, 43 B.R. 500, 505 (N.D. Ill.1984); *In re Central Ice Cream Co.*, 59 B.R. 476, 487 (Bankr. N.D. Ill. 1985).

---

Fed. R. B.P. 9019(a).

[7]However, one term of the settlement only came to light at the hearing when claimants' counsel revealed for the first time that in return for the payment to his clients of the funds in the Trustee's possession, Belair had agreed not to seek reimbursement of counsel fees and collection costs. He went on to make it abundantly clear that in light of Sovereign's objection, the deal was off. This is reason enough to disapprove the settlement.

[8]The opinion is cited with approval by the Fourth Circuit in *Official Comm. of Unsecured Creditors v. White Plains Joint Venture (In re Bond)*, 1994 WL 20107, (4th Cir. Jan. 26, 1994) (*per curiam*) (the bankruptcy court (Mannes, C.J.), did not abuse its discretion in approving a settlement in weighing probability of success versus risks and costs of litigation).

8. In making such determination, the bankruptcy court must determine that the terms of the settlement are "fair and equitable." *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson ("TMT")*, 390 U.S. 414, 424, 88 S. Ct. 1157, 1163, 20 L. Ed.2d 1, 9-10, *rehearing denied*, 391 U.S. 909, 88 S.Ct. 1649, 20 L. Ed.2d 425 (1968); 10 COLLIER ON BANKRUPTCY, ¶ 9019.02 (16th ed. 2010), and cases cited. In addition, the Supreme Court enunciated the following four factors that need to be evaluated in determining whether to approve a bankruptcy settlement: "(1) the probability of success in litigation;[9] (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3rd Cir.1996), citing *TMT, supra*.

9. In his opinion in the case of *In re Final Analysis, Inc.*, 417 B.R. 332 (Bankr. D. Md. 2009) Judge Catliota of our Court articulated the standard where the trustee is seeking to have the court approve the compromise of claims against the estate:

> The proper formulation of the standard in this context is that the compromise must not be above the highest point in the range of reasonableness. That is to say, the Court will not approve the

---

[9] Belair is well aware from bitter experience that the successful prosecution of a PACA claim is by no means certain. *See, e.g., Belair Produce Co., Inc. v. Mixt Greens, Inc.*, 2012 WL 5199421 (D. Md. 2012).

11

> compromise if the Trustee seeks to settle the Settling Claimants' claims in an amount greater than they likely would achieve in a claim objection process. Stated otherwise, the Trustee's compromise must fall within the range of reasonable outcomes of the Settling Claimants' claims.

417 B.R. at 342.

10. Furthermore, *Final Analysis* confirms the view of this Court that the process of approving a settlement of claims against a bankruptcy estate does not require the judge to decide on the merits of the claims themselves:

> In addressing the instant motions, the Court does not make final findings of fact or conclusions of law on the merits of the Settling Claimants' claims, although it does make findings in the context of the likelihood of success of the Settling Claimants' underlying claims, as well as the other factors set forth above, with reasonableness as the ultimate touchstone. *See Depoister [v. Mary M. Holloway Foundation*, 36 F.3d 582 (7th Cir.1994)], at 587 (Court must make a substantive determination to some degree in order to "actually exercise discretion and not simply rubber stamp the Trustee's proposal.") *See also Matter of Carla Leather, Inc.*, 44 B.R. 457, 470 (Bankr. S.D. N.Y. 1984), *aff'd* 50 B.R. 764 (S.D. N.Y. 1985) (assessment of a settlement does not require resolution of the issues on the merits; the issues need only be sufficiently considered "so that the bounds of reasonableness can be seen with some clarity").

*Id.*

11. The standard of review of a decision approving or disapproving a settlement motion is whether the court abused its discretion. *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir.2007) ("The bankruptcy court must independently evaluate the settlement, not simply accept the recommendation of the

trustee."). In order to properly exercise its discretion in making such an independent evaluation, the Court must have sufficient information about the settlement from which to render a knowledgeable decision.

### THE MOTION IS DEFECTIVE AND NOT PROPERLY SUPPORTED

12. The motion failed to satisfy the requirement of Rule 9019(a) that it be accompanied by a 21-day notice.

13. At the hearing and in their papers, the arguments of counsel focused on the merits of the PACA claims and not on the factors required to be analyzed in order to approve the settlement. Without deciding the merits of Belair's PACA claim, the Court notes the existence of a substantial dispute as to its validity.

14. It is obvious that in bankruptcy cases, "[s]ettlements are to be encouraged, and it should not be the intention of a court to discourage settlements." *U.S. ex. rel. Rahman v. Oncology Assocs., P.C.*, 269 B.R. 139, 149 (D. Md. 2001).

15. When a settlement providing for the payment of a claim is disputed and the objection calls into question the validity of the claim itself, the Court must consider whether there exists a permissible inference that the claim is uncollectible, thereby rendering as nil the claimant's likelihood of success in collecting the claim.

16. In the present case, where a PACA trust claim is in dispute, and the settlement of the claim depends on the question of its validity, due process requires

that the PACA claim be tested, not by an objection to a settlement, and not even by an objection to the claim, but by the filing of a separate adversary proceeding.

17. The Bankruptcy Rules require the filing of a complaint to determine the nature, extent and priority of an interest in property of the estate, even when the allegation of the trust beneficiary is that its interest is not property of the estate. *In re Morabito Brothers, Inc.*, 188 B.R. 114 (Bankr. W.D. N.Y. 1995) ("The resolution of claims against estate assets is a process distinct from the determination of the estate's interest in property."). *Id*. at 117.  As explained in *Morabito*,

> . . . Bankruptcy Rule 7001 requires commencement of an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property...." More fundamentally, due process mandates that all property claimants receive appropriate notice and opportunity to object to any decision affecting their property interests. In the present instance, fifteen suppliers have filed papers with the Department of Agriculture to assert interests as trust beneficiaries in assets in which the debtor held legal title.  If indeed a trust exists, these suppliers may retain property rights that remains outside the bankruptcy estate and which will survive any failure to file a proof of claim.  The trustee's claim objection implicates only seven of these potential trust beneficiaries.  Although a claim objection will suffice to resolve distribution rights from the estate, the termination of colorable property interests will require the greater procedural protections of an adversary proceeding.[10]

*Id.* at 417.

---

[10]In the instant case, the proposed settlement concerned only two PACA claimants.  However, there may be others in addition to Belair and Del Monte, some that may not have filed claims against the estate.  A review of the filed claims and the debtor's schedules revealed the existence of perhaps as many as seven such claimants.

*DECISION*

The motion must be denied for the following reasons:

1. The movants have presented no analysis of the relevant factors required to be considered by the Court in order to approve the settlement and therefore they have failed to sustain their burden of proof.

2. Although the motion sought the approval of a compromise, it was not filed in compliance with Fed. R. B. P. 9019(a), and did not cite the rule as authority.

3. The terms of the settlement were not properly noticed and disclosed.

4. A party to the agreement has repudiated one of the settlement terms, previously undisclosed, perhaps the only term that was plainly beneficial to the estate, by which the creditor agreed not to seek counsel fees and costs of collection allowable under PACA.

5. Disputed PACA claims should be resolved by adversary proceedings and not by claims objections. A complaint is the proper means of establishing a disputed PACA claim in bankruptcy.

6. This is not to say that a bankruptcy court can never approve a trustee's settlement of a PACA claim to which an objection has been filed. The holding is merely that in the instant case, the settlement cannot be approved for the reasons stated.

**ORDER ACCORDINGLY.**

cc:     Ronald J Drescher, Esquire
Drescher & Associates
4 Reservoir Circle, Suite 107
Baltimore, Maryland  21208
Counsel to the Debtor

Charles R. Goldstein
Protiviti Inc.
1 East Pratt Street, Suite 800
Baltimore, Maryland  21202
Chapter 7 Trustee

Karen H. Moore, Esquire
Law Office of Lori Simpson, LLC
1400 South Charles Street, 3rd Floor
Baltimore, Maryland  21230
Counsel to the Chapter 7 Trustee

Louis W Diess, III, Esquire
Kate Ellis, Esquire
McCarron & Diess
4530 Wisconsin Ave NW, Suite 301
Washington, DC 20016
Counsel to Belair Produce Co.

Lisa Bittle Tancredi, Esquire
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, Maryland  21202-3281
Counsel to Sovereign Bank

Office of the United States Trustee
101 W. Lombard Street, Suite 2625
Baltimore, Maryland  21201